IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID Y.,[1]

        Plaintiff,

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**,

        Defendant.

Case No. 6:21-cv-00917-MO

OPINION & ORDER

**MOSMAN, J.**,

    This matter comes before me on Plaintiff David Y.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

## PROCEDURAL BACKGROUND

    On April 8, 2019, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Tr. 175.[2] The Social Security Administration ("SSA") denied his claim on August 9, 2019, and denied it on reconsideration on April 29, 2020. Tr. 120, 127. Plaintiff filed a Request for Hearing on April 30, 2020, Tr. 130–31, and appeared before Administrative Law Judge ("ALJ") Bryan Henry on February 11, 2021. Tr. 27. The ALJ's decision on February 22, 2021, found Plaintiff not disabled. Tr. 8–26. Plaintiff filed an appeal, and the Appeals Council

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.
[2] "Tr." refers to the Transcript of the Social Security Administrative Record [ECF 14].

1 – OPINION & ORDER

denied review. Tr. 1–5. On June 18, 2021, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision.

## THE ALJ'S FINDINGS

To determine whether a person is disabled within the meaning of the Social Security Act, the Commissioner engages in a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 10, 2019. Tr. 13. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative joint disease in the left knee, bilateral shoulder glenoid hypoplasia, obstructive sleep apnea, sensorineural hearing loss with good conversational hearing, post-traumatic stress disorder, and depressive disorder/anxiety. Tr. 13. At step three, the ALJ found that Plaintiff's impairments did not meet the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. Tr. 14. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[3] except he can stand/walk for four hours in a workday; he can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance; frequently stoop; occasionally crouch, kneel, and crawl; he can occasionally reach overhead bilaterally; he must never work at unprotected heights or moving and/or dangerous machinery; he can tolerate moderate noise; he will need to avoid bright lights in excess of normal office lighting; the claimant is further limited to performing work that consists of simple, routine, and repetitive tasks; he can have no customer service interaction with the public, but occasional interaction with coworkers and supervisors; he is capable of maintaining

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." C.F.R. § 404.1567(b).

> concentration, persistence and pace for extended periods of two hour segments with normal breaks while performing simple routine and repetitive tasks; and he can deal with work changes in a routine work setting on an occasional basis.

Tr. 16.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 20. At step five, the ALJ concluded that there are jobs in significant numbers in the national economy that Plaintiff could perform, including office helper, photocopy machine operator, and collating machine operator. Tr. 21–22.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation . . . the ALJ's conclusion . . . must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises two primary issues with the ALJ's decision. First, he contends that the ALJ's RFC is flawed given that it does not describe with specificity the frequency at which Plaintiff would need to alternate among sitting, standing, and walking. Within this argument, Plaintiff adds that the flawed RFC impacted the job analysis from the vocational expert ("VE"). Second, Plaintiff argues that the ALJ erred in disregarding the disability rating determination from the Department of Veterans Affairs ("VA"). I address each issue in turn.

I.   RFC

Plaintiff finds the ALJ's RFC to be flawed because it fails to (1) clarify whether Plaintiff would be allowed to have a sit/stand/walk option and (2) specify the frequency of Plaintiff's need to alternate between sitting and standing. Mem. in Supp. [ECF 21] at 10.

The RFC "is the most [a claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). Here, the ALJ found Plaintiff to fall in the light work category with a substantial number of limitations. Given that the SSA presumes "if someone can do light work . . . [they] can also do sedentary work, unless there are additional factors such as loss of fine dexterity or inability to sit for long periods of time," it merits reviewing both definitions. 20 C.F.R. § 404.1567(b).

The definitions of light and sedentary work under the *Dictionary of Occupational Titles* ("DOT") encapsulate variation among sitting, standing, and walking. U.S. Dep't Labor, Dictionary of Occupational Titles at App. C (4th ed. Rev. 1991). Under the DOT, "sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." *Id.* The DOT finds that a job is considered light work "(1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace . . . ." *Id.* The definitions of sedentary and light work demonstrate that change among sitting, standing, and walking is to be assumed. The existence of an option to vary among sitting, standing, and walking is implied within the work definitions. Therefore, the ALJ did not err by not specifying a sit/stand/walk option in the RFC.

As support for his second claim, Plaintiff cites Social Security Report ("SSR") 96-9p, which states that "[t]he RFC assessment must be specific as to the frequency of the individual's

need to alternate sitting and standing." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). However, Plaintiff omits language from the same paragraph stating that an ALJ must specify "the frequency of the need to alternate sitting and standing and the length of time needed to stand" when the claimant "need[s] to alternate the required sitting *of sedentary work* by standing . . . periodically." *Id.* (emphasis added). SSR 96-9p applies in the rare instances of an RFC finding the claimant capable of "less than a full range of sedentary work," which is not the case here. *Id.* at 1. Plaintiff is not contesting the determination of his capacity to do light work but is arguing that the RFC does not adhere to the requirements of SSR 96-9p. Plaintiff can perform more than a full range of sedentary work, and therefore SSR 96-9p does not apply. The ALJ was not obligated to specify the frequency of sitting and standing to the degree that Plaintiff is requesting.

Additionally, Plaintiff raises issues regarding applying the RFC's determinations to the job descriptions of photocopy machine operator and office helper. Plaintiff claims that the ALJ failed to develop the record to explain how an individual with Plaintiff's RFC could perform the identified jobs. However, the record shows that the ALJ asked a hypothetical question that mirrored the RFC's description and the VE sufficiently explained how someone with Plaintiff's limitations could perform those roles. *See* Tr. 74–78. Plaintiff insists that the testimony should have specified the frequency of sitting/standing/walking. But his argument that the VE's response was vague is unpersuasive. The VE sufficiently addressed the ALJ's hypothetical and explained how someone with Plaintiff's RFC would be able to work as a photocopy machine operator and office helper. Tr. 77.

Plaintiff further contends that the ALJ failed to question the VE on O*NET's description of the office helper position, which Plaintiff claims implies a greater level of social interaction than he is capable of under the RFC. However, the ALJ only must resolve conflicts between the

VE's testimony and the DOT. SSR 00-4p, 2000 WL 1898704, at *2. The ALJ complied with this requirement. Tr. 71–73. The ALJ is not responsible for questioning the VE on other sources. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109–10 (9th Cir. 2017) ("Our precedent holds, instead, that an ALJ may rely on a vocational expert's testimony concerning the number of relevant jobs in the national economy, and need not inquire *sua sponte* into the foundation for the expert.").

## II.     Determination of the Department of Veterans Affairs

For claims filed on or after March 27, 2017, the SSA "will not provide any analysis in [its] determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [a claimant is] disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. "Because a decision by any other governmental agency or a nongovernmental entity . . . is based on its rules," that decision is not binding on the SSA. *Id.* The SSA will consider all the supporting evidence underlying the other agency or entity's decision. *Id.*

Plaintiff contends that an ALJ must give great weight to the VA's disability determination, and therefore the ALJ "committed legal error in failing to consider" Plaintiff's VA decision. Mem. in Supp. [ECF 21] at 17 (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). However, *McCartey*'s holding that "an ALJ must ordinarily give great weight to a VA determination of disability" in a Social Security Disability case has been overruled by 20 C.F.R. § 404.1504. The amended regulations apply to claims filed on or after March 27, 2017, and Plaintiff applied for disability benefits on April 8, 2019. Tr. 175. Therefore, an ALJ is no longer required to discuss VA disability findings as the new regulations apply to this matter.

## CONCLUSION

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED this 24 day of October, 2022.

                                              MICHAEL W. MOSMAN
                                              Senior United States District Judge